UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAROL LUCAS, ET AL., | Case No. 15-10337 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| ULLIANCE, INC., ET AL., | U.S. MAGISTRATE JUDGE |
| | R. STEVEN WHALEN |
| Defendants. | |
| _____/ | |

**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY FOR SUMMARY JUDGMENT [95] AND DENYING WITHOUT PREJUDICE MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [97]**

Plaintiffs Carole Lucas, Scott Sanders, Tara Vialpando, and Kelly Anne Schultz are health professionals who were reported to the State, by Defendant Ulliance, Inc., as noncompliant with the Health Professional Recovery Program ("HPRP"), which helps ensure that licensed medical professionals receive treatment for mental health and substance abuse problems that might cause them to harm members of the public. Michigan's Department of Licensing and Regulatory Affairs ("LARA"), a defendant in this case, summarily suspended each Plaintiff's license, without a hearing, after such report.

Plaintiffs filed their Complaint [Dkt. 1] three-and-a-half years ago, in January 2015. In May 2015, Plaintiffs filed the Second Amended Complaint [29], in which they set forth the following claims against the Defendants: procedural due process,

substantive due process, conspiracy to interfere with civil rights, neglect to prevent said conspiracy, breach of contract, civil conspiracy, and disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. Both sets of defendants moved for dismissal of Plaintiffs' claims – the Ulliance Defendants[1] moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [19], and the State Defendants[2] moved to dismiss pursuant to Fed. R. Civ. P. 12(c) [38].

In March 2016, the Court granted in part and denied in part Defendants' motions [62]. Currently, the only claims remaining in this case are a breach of contract claim against Ulliance, and violations of the ADA and the Rehabilitation Act against LARA and Defendant Carole Engle, the former director of the Bureau of Healthcare Service ("BHCS"), in her official capacity.

In July 2017, both sets of defendants filed motions for judgment on the pleadings pursuant to Rule 12(c), or alternatively, for summary judgment pursuant to Rule 56 [95, 97]. A hearing on the motions took place on April 3, 2018.

This case has proceeded inefficiently, at the expense of the parties and the Court; Defendants have filed two sets of very similar motions and, despite the fact

---

[1] The Ulliance Defendants were Ulliance, Inc., Carolyn Batchelor, Stephen Batchelor, and Nikki Jones. Ulliance, Inc. is now the only remaining defendant.

[2] The State Defendants were LARA, Carole Engle, Director of the Bureau of Healthcare Services ("BHCS"), and Susan Bushong, Contract Administrator for the Health Professional Recovery Program ("HPRP"). In its March 2016 Order, the Court dismissed Bushong from this action.

that it's been three-and-a-half years since Plaintiffs initiated this action, virtually no discovery has occurred.

The Court will apply the Rule 56 standard and construe Defendants' motions as motions for summary judgment. Granting summary judgment at this point, however, would be premature. To that end, and in an effort to get this case back on track and allow the parties to conduct discovery, the Court will deny the motions without prejudice.

Accordingly,

**IT IS ORDERED** that the State Defendants' Second Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [95] is construed as a motion for summary judgment, and is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Ulliance's Motion for Judgment on the Pleadings, or, in the alternative, Motion for Summary Judgment [97] is construed as a motion for summary judgment, and is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall meet with the Court for a status conference at 2:00 p.m. on June 19, 2018. The parties should be prepared to discuss a limited timeframe for discovery, and the next stage of the case moving forward.

**SO ORDERED**.

Dated: June 5, 2018

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge