UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LUCAS, R.N., ET AL.,

       Plaintiffs,                            No. 15-10337

v.                                         District Judge Arthur J. Tarnow
                                              Magistrate Judge R. Steven Whalen

ULLIANCE, INC. ET AL.,

       Defendants.

                              /

**REPORT AND RECOMMENDATION**

      Scott Sanders is one of four named Plaintiffs in this action that has been brought under 42 U.S.C. §§ 1983, 1985, and 1986. Originally filed as a class action, the Court denied class certification on December 6, 2018 [ECF No. 130]. Before the Court at this time is Defendants' Motion to Dismiss Against Plaintiff Scott Sanders for Failing to Comply with the Court's Order Compelling Discovery [ECF No. 152], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the case be DISMISSED WITH PREJUDICE as to Plaintiff Scott Sanders.

**I.   FACTS**

      On June 14, 2019, Defendant Ulliance, Inc. filed a motion to compel discovery responses from the Plaintiffs, including Plaintiff Sanders [ECF No. 139]. In response, Plaintiffs' counsel stated that although Mr. Sanders had promised to provide the requested documents, he had been unable to contact Mr. Sanders or obtain the documents from him [ECF No. 142]. On July 23, 2019, I entered an order granting in part and denying in part the motion to compel [ECF No. 149]. Regarding Mr. Sanders, my order stated as follows:

-1-

> "No later than 21 days from the date of this Order, Plaintiff Scott Sanders will provide full and complete responses to Ulliance's First Set of Interrogatories Nos. 2-5, 1-14, and 16-17, and responses to Ulliance's Fist Set of Requests for Documents Nos. 2-6, 8-9, and 11-12, as well as a signed copy of his original answers to Ulliance's First Set of Interrogatories. PLAINTIFF SANDERS' FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN FURTHER SANCTIONS, WHICH MAY INCLUDE DISMISSAL OF HIS CLAIMS." (Capitalization in original).

In addition, I sanctioned the Plaintiffs, including Mr. Sanders, in the amount of $2,500.00, jointly and severally, representing Defendants' reasonable attorney fees.[1]

To date, Mr. Sanders has not complied with the Court's order.

In Plaintiffs' response to the present motion [ECF No. 155], Plaintiffs' counsel states, "Plaintiff's counsel, despite countless attempts to reach Plaintiff Scott Sanders by phone, email and USPS mail, has been unable to communicate with him for over a year. USPS mail is returned with no forwarding address and calls and emails are not answered. Without any communication or cooperation from Plaintiff Scott Sanders, despite our best efforts, we have been unable to comply with this Court's Order Compelling Discovery." [ECF No. 155, PageID3541].

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 37(b)(2)(C) states in pertinent part that "if a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ....

Under Rule 37(b)(2), the sanction imposed is vested in the court's discretion.

---

[1] On August 20, 2019, I entered an order [ECF No. 154] granting the State Defendants' motion to compel [ECF No. 144]. The order contained a similar warning to Mr. Sanders that his failure to comply could result in dismissal of his claims.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988). The "federal courts have well-acknowledged inherent power to levy sanctions in response to abusive litigation practices." *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 135 (2nd Cir.1998) (internal citations omitted).

Where a dismissal is sought under Rule 37(b)(2)(C), the Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc*., 110 F.3d 364, 366-67 (6th Cir.1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). In deciding whether to impose "the draconian sanction" of dismissal, the first factor-the party's willfulness or bad faith in failing to comply with a discovery order-looms large. *Intercept Security Corp. v.Code-Alarm, Inc*., 169 F.R.D. 318, 321-22 (E.D.Mich.1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958). In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. See *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988).

### III.   DISCUSSION

All four of the *Harmon* factors weigh against Plaintiff Sanders. His failure to cooperate in discovery, or to communicate with counsel, despite clear warnings that he was facing dismissal of his claims, can only be considered wilful. He apparently moved

without leaving his attorney any forwarding address. It seems clear that he has abandoned his case. Without question, the Defendants are prejudiced in that they have been completely stymied in their attempt to obtain discovery from Mr. Sanders. The Court previously imposed a monetary sanction on Mr. Sanders, and he was warned that his failure to comply with the Court's July 23, 2019 order could result in dismissal of his claims.

Mr. Sanders leaves the Court no choice. His claims must be dismissed.

### IV.   CONCLUSION

I recommend that Defendant's Motion to Dismiss Against Plaintiff Scott Sanders for Failing to Comply with the Court's Order Compelling Discovery [ECF No. 152] be GRANTED and that Plaintiff Sanders be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response

must specifically address each issue raised in the objections, in the same order and labeled "Response to Objection #1," "Response to Objection #2," etc.

s/R.  Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 11, 2019

## CERTIFICATE OF SERVICE

  I hereby certify on September 11, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on September 11, 2019.