UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LUCAS, ET AL.,

    Plaintiffs,

v.

ULLIANCE, INC., ET AL.,

    Defendants.

_____/

Case No. 15-10337

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [156] AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF SCOTT SANDERS [152]**

Scott Sanders, along with three other Plaintiffs, brought this suit as a class action against Michigan's Department of Licensing and Regulatory Affairs ("LARA"), Ulliance, Inc. — the private entity LARA contracted to oversee its Health Professional Recovery Program, — and several individuals. The Court denied class certification on December 6, 2018, and the case proceeded as to the four Plaintiffs only. [Dkt. # 130].

On June 14, 2019, Ulliance filed a Motion to Compel Plaintiff's Responses to Interrogatories and Document Requests and for Production of Record Authorizations [139]. The Court referred that motion to Magistrate Judge R.

Steven Whalen on June 18 [140]. Plaintiffs filed a Response [142] to that motion on June 28, 2019, where they noted that "[a]fter many attempts to open communications with Plaintiff Scott Sanders and promises from Plaintiff Sanders to provide records as requested, counsel has not been able to provide responses to Defendant Ulliance's First Set of Interrogatories or First Set of Request for Production of Documents." (Dkt. 142, pg. 7-8). Following a hearing on July 23, 2019, the Magistrate Judge Granted in Part and Denied in Part [149] Defendant's Motion and ordered Plaintiff Scott Sanders to provide responses to Ulliance's Interrogatories and Requests for Documents. The first page of the order contains the following admonition: "PLAINTIFF SANDERS' FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN FURTHER SANCTIONS, WHICH MAY INCLUDE DISMISSAL OF HIS CLAIMS." (Dkt. 149, pg. 1).

Mr. Sanders did not comply with this order, and, on August 20, 2019, Ulliance filed a Motion to Dismiss against Plaintiff Scott Sanders [152]. The Court referred that motion to the Magistrate Judge the same day [153]. Plaintiffs filed a Response [155] to that motion on September 3, where they admitted, "Plaintiff's counsel, despite countless attempts to reach Plaintiff Scott Sanders by phone, email, and USPS mail, has been unable to communicate with him for more than a year." (Dkt. 155, pg. 2). The Magistrate Judge issued a Report and Recommendation [156] on September 11 advising the Court to dismiss Scott

Sanders as Plaintiff under FED. R. CIV. P. 37(b)(2)(C). The Magistrate Judge analyzed the situation under the four-part test outlined in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) and found that dismissal was the appropriate sanction for Mr. Sanders' abandonment of his case. No objections were filed, and the Court agrees with the Magistrate Judge's recommendation.

Having reviewed the record, the Report and Recommendation [156] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS ORDERED** that Defendant's Motion to Dismiss against Scott Sanders [152] is **GRANTED**. Plaintiff Sanders is **DISMISSED**.

**SO ORDERED**.

Dated: October 2, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge